Judge Underwood
delivered the opinion of the Court.
The defendant in error, brought an action of covenant against Harris, upon a contract, in which Harris acknowledged that he had received of Ogg, five hogsheads of tobacco, and promised “to freight them to New Orleans, barring unavoidable accidents, and sell at the best possible, price, at Orleans, for which Harris was to receive one dollar per hundred, one half in commonwealth’s money of Kentucky, and the other half at New Orleans, in good cash.” The declaration avers that Harris safely freighted the tobacco to New Orleans, where it was inspected, and passed as first rate, and then assigns a breach in these words, “but said defendant has wholly neglected to *409 Sell the samé at any price, or to account to the plaintiff for said tobacco, or any part oj it, although ample time has intervened for him to hav.e done the
Demurrer overruled.
Defendant were’adjudged bad on de[í^j^ct’aná judgment for plaintiff:
Proof in the] 0&use*
s ¡structions ^^ant re fused. The" instructions' siven-
The defendant filed á demurrer to the declaration, which was overruled.
He then filed two pleas., the first averring, in the language of the covenant, that he did freight the five hogsheads of tobacco, received by him of the plaintiff, toNew Orleans, and sold it at the bést possible price at New Orleans, according to the form and effect of the covenant; and the second averring that the plaintiff had not kept and performed his part of the covenant, by paying to defendant, for ¡freighting said five hogsheads of tobacco, one dollar per hundred, &c. as stipulated in the covenant. The plaintiff demurred to both pleas, and the court gave judgment on the demurrers, in his favor. The defendant failing tó plead further, a writ of inquiry was awarded, and the jury assessed the damages at $>166 67 1-2, for which the court gave judgment.
The plaintiff proved theft the defendant arrived with the tobacco in New Orleans, in the spring of 1822, and also proved the then selling price of tobacco .at New Orleans, and that but few sales Were made. He also introduced evidence of the expenses of inspection, &c. He proved that the defendant left New Orleans about the 15th .of May, and did not sell the tobacco.
The defendant moved the court on this evidence, (which was all that was given) to instruct the jury that the value of the tobacco, when the defendant arrived with it at New Orleans, was not the criterion of damages. The court refused to give the instruction asked for, but instructed the jury, that the value of. the tobacco, whilst the defendant remained in New Orleans, in the spring of 1822, after deducting the freight and expenses at New Orleans, was the proper criterion of damages, with interest, if the jury choose to give it. The defendant, excepted to the instruction as given, and.to the refusal of the court to instruct as required. And now all the questions which can arise upon thé *410 preceding statement, are brought before us by ths assignment of errors. We will settle them in their order.
Covénant“to sell for the best price that can be obtained.” Declaration must aver, that covenantor could have sold, and did not, or it is insufficient.
A plea, in the language of a covenant to do, or to perform, averring the thing to have been done or performed, is good, and e-quivalent to covenants performed.
1st. The declaration is not good. It is defective ire not averring that the defendant,'on reaching New Orleans with the tobacco, was able to effect sales thereof, and did not, as required by the covenants; for if he could not sell at any price, he is not responsible for failing to sell. The defendant stipulated to sell at the best possible price. This is no guarantee, that the article should command a price in market, and if it could not be sold at any price, for want of purchasers,, the covenant was not violated, in not selling. The covenant only means, that the defendant will sell at the best price which can be had, and if nothing cao be had, if it is impossible to effect sales, owing to the condition of the market, or other cause, the defendant is not responsible for failing to sell. This doctrine has been recognized by this court, in the cases of Rogers vs. Boone, and Boone vs. Rogers, from the Warren circuit court, not yet reported. The statement, that ample time has intervened, for the defendant to-have effected a sale, will not cure the defect. If the article had been in demand, but little time would be necessary to effect a sale, and no matter how much time is allowed, if the article will not sell for the want of purchasers, the granting of time will not create a responsibility.
2d. The first plea was good. It traversed the only important breach assigned in the declaration, to-witr the failure of the defendant to sell the tobacco. The plea, in the language of the covenant, averred that he did sell it, and thereby showed a performance of every thing, which he had stipulated to do. The court, no doubt, decided that the plea was bad, because it did not answer that part of the declaration, which avers that the defendant had failed to account for the tobaoco, or any part of it. There being no stipulation in the contract to that effect, the averment was surplusage, and a departure from the contract, and was properly disregarded. Actions of covenant cannot be maintained, except on contracts reduced to writing*
No averment can enlarge the stipulations of a contract, or create a covenant by implication.
Second plea, bads
The import of the writing cannot be enlarged by averment in the declaration. In this case there is no duty imposed by the covenant on the defendant, but to take the tobacco to New Orleans, and to sell it. What was to be done with the money, if sales were effected, or what was to be done with the tobacco, if sales could not be effected, are not expressed in the covenant. We cannot imply a covenant to help out the plaintiff. No particular forms or expressions are necessary to constitute a covenant; any language which clearly shews the interest of parties, is sufficient, and there may be technical words used, from which the law, by implication, will raise a covenant. But where the covenant expresses with clearness, the contract of the parties, as far it goes, and may omit something which we may think was also intended by them, we cannot supply such omission. For if such things were to be supplied by the discretion of the judge, to make the contract complete, such discretion never could be controlled by fixed rules, applicable to the multifarious and complex transactions of men, and the danger of thwarting the real intentions of the parties, by arbitrary principles, would, at all times, be great, and in practice, might often be ruinous. We cannot, therefore, say that Harris’s covenant in this case, bound him to pay over to Ogg, the money arising from the sale of the tobacco. Nor can we say how he was to dispose of the tobacco, if it could not be sold. It is expressly decided in the. case of Wilcoxen and al. vs. Rix, that recovering property of another for sale, does not create an implied covenant, to pay over the money. See 1 Marshall, 421. The principles of that case are applicable to this. We have no doubt, that if Harris sold the tobacco, and received the money, the law would imply an assumpsit, to pay it over to Ogg, if there be no contract disposing of it otherwise. If such be the case, Ogg’s remedy is plain, but different from that he has sought. He also has remedy, if Harris has converted or wrongfully disposed of the tobacco, but not in the form of action he selected to pursue.
3d.- The second plea is bad. It attempts to defeat the action by pleading the non-payment of the freight, as a precedent condition, to be performed by Ogg. There is no pretext for putting such a construction upon the covenant.
The criterion th/best price for which H. oould have bacoo'o/o within a relsonable time °Or leans,6expenses deducted,
When reciprocal action for breaoh of covenant, there cannot be set-off. In what cases allowing interest discretionary with the jury.
.4th. The instruction asked for by the'defendant, did not exactly hit the law of the case, and that given by court was erroneous. The criterion of damages wag the best price which Harris could have got for Ogg’s tobacco, within,a reasonable time after his arrival with it at New Orleans, clear of the expenses of inspection, drayage, storage, and such other expenses as may be incidental and necessary to effect sales; in other words, the best possible price that (he tobacco would bring, after deducting expenses incident- to the sa^e> Harris would be liable in assumpsit <0 Ogg, fdr the money he might get, it was his duty, under the covenant, to sell for the best price, and if he could get a price and did not, it was such a violation of his contract, as should render him liable for what he could have got, deducting the expenses aforesaid.
. The freight should not have been deducted. Harris has his remedy by action for that, if not voluntarily settled, and it cannot cotne in as a set off. It was also wrong to allovy interest.' Interest is given for withholding a debt due. In this case, the wholp complaint of the declaration is, that Harris did not sell, whereby he might have created a debt to Oggs by the reception of the money. If the declaration be true, no such debt was created. We have not known a case where the damages have been enhanced, by the addition of interest, for a failure to sell property, which a party as agent agrees to sell for another. Where one-owes onother property, and fails to pay it when due, whereby the claim is converted into a peoney demand, then it is discretionary with the jury, to give or refuse" interest, and in such a case,- tne declaration shews the facts which, under the operation of law» makes it a demand for money, from the day the property was payable. The court, no doubt, acted on the idea that the present was an analogous case. Although there is a strong resemblance, yet we are not disposed to bring the present case, within the principles settled in cases for the non-payment of properly. In an action of assumpsit for the money, we think interest-might properly be allowed, had Harris sold and re-i aeived the cash.
Goodloe and Caperton, for plaintiff; Turner, for defendant.
fíth. It results from the foregoing view, that the .court erred in refusing a new trial, on the application pf the defendant.
Wherefore, the judgment of the circuit court is reversed and set aside, and the cause remanded, with directions to grant a new trial; and to permit the plaintiff to amend his declaration, and the defendant ■ to plead in conforpaity with this opinion. The plain? tiff in error must recover his costs.